UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| 1st SOURCE BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 3:16CV708-PPS |
| | ) |
| ZERTECK, INC., d/b/a Boat-N-RV Warehouse, | ) |
| TILDEN RECREATIONAL VEHICLES, INC., | ) |
| d/b/a/ Boat-N-RV Superstore, | ) |
| RIDGELAND RECREATIONAL VEHICLES, INC., | ) |
| d/b/a Boat-N-RV Megastore, | ) |
| CROSSVILLE BNRV SALES, LLC, | ) |
| d/b/a Boat-N-RV Supercenter, | ) |
| GA BNRV SALES, LLC, | ) |
| d/b/a Factory Direct Marine & RV, | ) |
| FLORIDA BNRV SALES, LLC, | ) |
| d/b/a Factory Direct Marine & RV, and | ) |
| M&T BANK CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff 1st Source Bank brought this action against six boat and RV dealerships (referred to as "BNRV") and M&T Bank Corporation, based on 1st Source's claim that it held a "first priority blanket security interest" in all the assets of defunct RV manufacturer Evergreen Recreational Vehicles, LLC. [DE 30 at 2.] 1st Source asserted claims based on the defendants' failure to pay Evergreen for 21 RV's delivered to the dealerships. The first amended complaint explains that the security interest arose from a Loan and Security Agreement between 1st Source and Evergreen dated June 19, 2009. [*Id*.] After cross-motions for summary judgment that disposed of M&T Bank as a party [DE 74], the case was set for trial on October 15, 2018. The trial has been continued on

BNRV's motion based on the late-breaking disclosure that, several months back, 1st Source entered into a General Assignment with KR Enterprises, Inc., transferring all of 1st Source's rights under certain documents including the June 19, 2009 Agreement, as well as 1st Source's rights and claims against BNRV and M&T Bank in this case. [DE 100, 106.]

After discussion of this development at a telephone conference on October 9 [DE 105], 1st Source has now filed a motion to amend the complaint to substitute KR as the party-plaintiff and to correct an error in naming the particular dealership that received one of the RV's. [DE 108.] Citing Fed.R.Civ.P. 25(c), 1st Source contends that substitution of KR is proper because as a result of the General Assignment, KR is now the real party in interest. [DE 108 at 4.] The proposed second amended complaint would be brought in the name of KR Enterprises, Inc. as the sole plaintiff, would again name M&T Bank as a defendant, and would omit a Georgia dealership defendant in favor of a newly added North Carolina dealership to rectify the mistaken identification. [DE 108-2.] BNRV responds that it wouldn't oppose the addition of KR as an additional party-plaintiff, but does oppose 1st Source "being dismissed by substitution." [DE 109 at 2.] BNRV has no objection to the correction of the named dealership defendants, but objects to the reintroduction of M&T Bank as a party-defendant to the extent that it represents an attempt to revive any claims against M&T Bank. [DE 109 at 2, 5.]

BNRV's reasons for opposing the substitution of KR are not persuasive. BNRV's arguments about the effectiveness of the General Assignment or the underlying

2009 Loan and Security Agreement can be made against KR in the same manner (and with the same effect) as if made against 1st Source, whether or not 1st Source remains a party to the action. Discovery and admissions previously obtained from 1st Source remain available to BNRV for use against KR as 1st Source's successor-in-interest. Additional documents or testimony can be obtained from 1st Source by subpoena, if necessary. That 1st Source files the motion seeking its own substitution out of the case is a practical reality that gives me no pause, particularly where the same counsel represents both 1st Source and KR and is signatory to the previous and proposed amended complaints, as well as the motion seeking substitution. BNRV fails to demonstrate why the substitution of KR should not be permitted.

The correction of the dealership defendants is non-controversial. As for the reintroduction of M&T Bank as a party-defendant, I agree that the previous summary judgment ruling precludes the revival of the same claims against M&T Bank by the filing of the second amended complaint. As the 7th Circuit has explained, it is not necessary to "replead in later complaints claims that the court rejected in an earlier complaint in order to preserve those issues on appeal." *Scott v. Chuhak & Tecson, P.C.*, 725 F.3d 772 782 (7th Cir. 2013). Doing so "lead[s] to needlessly duplicative pleadings and make-work for district courts." *Id.* Instead, "it is prudence and economy...for parties not to reassert a position that the trial judge has rejected," and thereby avoid dismissal "not only with prejudice, but with annoyance." *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 683 (7th Cir. 1990). I will deny the motion to that extent, granting

3

KR leave to promptly file a second amended complaint that omits the claims against M&T Bank.

**ACCORDINGLY:**

Plaintiff 1st Source Bank's Motion for Substitution of Real Party in Interest and for Leave to Amend Complaint [DE 108] is GRANTED IN PART as to the substitution of KR Enterprises for 1st Source Bank and the correction of the dealership defendants. The motion is DENIED IN PART with respect to the repleading of claims against defendant M&T Bank. Within 7 days, KR Enterprises may file a second amended complaint in compliance with this ruling.

**SO ORDERED** this 19th day of November, 2018.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE